ALD-140                                                                February 11, 2016
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. **15-2863**

SALEEM BEY, Appellant

v.

SUPERINTENDENT GREENE SCI, et al.

(E.D. Pa. Civ. No. 2-13-cv-05848)

Present:     AMBRO, SHWARTZ and GREENBERG, Circuit Judges

Submitted are:

(1)   Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1);

(2)   Appellant's motion to accept noncompliant filing; and

(3)   Appellees' response in opposition to a certificate of appealability

in the above-captioned case.

Respectfully,

Clerk

MMW/CAD/tyw

_____ **O R D E R** _____

Bey's application for a certificate of appealability is granted on the following issues: (1) whether Bey's trial attorney was ineffective for failing to object to a faulty Kloiber instruction ("Claim Two" below), see Commonwealth v. Kloiber, 106 A.2d 820 (Pa. 1954); (2) whether any procedural default of that issue should be excused because post-conviction counsel was ineffective for failing to properly argue the issue of trial attorney ineffectiveness, see Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012); (3) whether Bey's

(Continued)

**ALD-140**
Page 2
Saleem Bey v. Supt. Greene SCI
C.A. No. 15-2863
_____

_____ **O R D E R** _____

trial attorney was ineffective for failing to object on proper grounds to the prosecutor's comments on Bey's post-arrest, post-Miranda silence ("Claim Four" below), see Doyle v. Ohio, 426 U.S. 610 (1976); Government of Virgin Islands v. Davis, 561 F.3d 159 (3d Cir. 2009); and (4) whether the procedural default of that issue should be excused because post-conviction counsel was ineffective for failing to raise the issue, see Martinez, 132 S. Ct. at 1320. A certificate of appealability is denied as to the remaining claims. Jurists of reason would not debate the District Court's conclusion that Bey did not show that his Sixth Amendment right to the effective assistance of counsel was violated with regard to those remaining claims. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). In particular, because the evidence was admissible under state law, jurists of reason would not debate whether Bey's attorney was ineffective when he failed to object to admission of evidence of extraneous violence. See Real v. Shannon, 600 F.3d 302, 309 (3d Cir. 2010) (attorney is not ineffective for failing to make a meritless objection). And jurists of reason would not debate whether Bey's claim that trial counsel was ineffective for failing to object to an incomplete jury instruction regarding Bey's failure to testify was procedurally defaulted, and that ineffectiveness of post-conviction counsel could not excuse the default because the claim is not substantial. See Martinez, 132 S. Ct. at 1320. Appellant's motion for leave to file an application for a certificate of appealability in excess of twenty pages is granted.

By the Court,

s/ Thomas L. Ambro, Circuit Judge

Dated:      February 17, 2016
tyw/cc:     Michael Wiseman, Esq.
            John W. Goldsborough, Esq.